## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS NIEVES,** | : | **CIVIL ACTION NO. 4:21-CV-377** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **RYAN GRIFFITS**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Before the court is the report of Magistrate Judge William I. Arbuckle, recommending the court dismiss the complaint of *pro se* plaintiff Luis Nieves, and a document filed by Nieves which the court has liberally construed as an objection to Judge Arbuckle's report.  For the reasons that follow, we will adopt the report in part and with supplementation and overrule Nieves' objection.

## I.   Background

Nieves initiated this lawsuit on March 1, 2021, with the filing of a complaint against several defendants relating to his imprisonment, and his alleged treatment while imprisoned, during the fall of 2019.  Two of those defendants, the Pennsylvania State Parole Department and the State of Pennsylvania (together, the "Commonwealth defendants"), moved to dismiss Nieves' complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); all other defendants filed answers.

After the Commonwealth defendants moved to dismiss, Nieves twice sought, and twice was granted, leave to amend his complaint.  Judge Arbuckle's

most recent order gave Nieves until December 15, 2022, to either file an amended complaint or respond to the Commonwealth defendants' motion to dismiss.  Nieves did neither, and, on February 1, 2023, Judge Arbuckle filed a report recommending the court dismiss Nieves' complaint with respect to the Commonwealth defendants.[1] Nieves filed a document on February 21, 2023, which the court liberally construes as an objection to Judge Arbuckle's report.

## II.   Legal Standards

### A.   Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3).  We afford "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court.  City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

### B.   Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule

---

[1] Nieves filed a letter on January 23, 2023, claiming he has been denied access to his legal mail in retaliation for his lawsuits.  We note, as Judge Arbuckle did, that no mail has been returned as undeliverable in this action.  Nieves' filing of an objection to Judge Arbuckle's report reveals that he has at minimum received a copy of that report, and, in reviewing it, would have been made aware of the expired deadlines, yet his objection is silent on that account.

12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**III.** **Discussion**

We find Judge Arbuckle's analysis to be well-reasoned and supported by the applicable law, and Nieves' construed objection to be without merit. For purposes of the analysis that follows, we adopt and incorporate in full the factual background set forth in Judge Arbuckle's report, which derives from the complaint and with which Nieves takes no issue, as well as Judge Arbuckle's articulations of the applicable legal standards. We note as an initial matter that Nieves' construed objection arguably is insufficient to trigger *de novo* review; our Local Rules of Court require that objections "specifically identify the portions of the . . . report to which objection is made and the basis for such objections," see M.D. PA. L.R. 72.3, and Nieves' filing, while styled as an objection under Local Rule 72.3, does not speak to the report or its analysis at all.

In any event, in deference to Nieves' *pro se* status, the court has reviewed the report's conclusions *de novo*. We agree with and adopt Judge Arbuckle's analysis in full with respect to the Commonwealth defendants' unopposed motion to dismiss; the law is clear that neither Commonwealth defendant is a "person" subject to suit under 42 U.S.C. § 1983, and Nieves' Section 1983 claim against the Commonwealth defendants therefore is legally barred.[2] (See Doc. 77 at 14). For this reason, we will dismiss Nieves' claim against these defendants with prejudice, as leave to amend

---

[2] Because Nieves has made at least *some* effort to continue participating in this lawsuit by mailing correspondence to the court, we decline to adopt the report to the extent it recommends, in the alternative, dismissing the complaint against the Commonwealth defendants for failure to prosecute.

would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

2002).

**IV.**     **Conclusion**

We will adopt Judge Arbuckle's report and grant the Commonwealth

defendants' motion to dismiss Nieves' claim against them.  An appropriate order

shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania


Dated:        March 22, 2023