UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS NIEVES,<br><br>            Plaintiff,<br><br>v.<br><br>RYAN GRIFFITHS, et al.,<br><br>            Defendants. | CIVIL ACTION NO. 4:21-CV-00377<br><br>(MEHALCHICK, J.) |

**ORDER**

Presently before the Court is the Report and Recommendation of Magistrate Judge William I. Arbuckle ("the Report") (Doc. 166), recommending the Court grant Defendants' motions for summary judgment (Doc. 132; Doc. 134). On February 27, 2025, Plaintiff Luis Nieves ("Plaintiff") timely filed objections to the Report. (Doc. 168). Based on the Court's review of Plaintiff's objections, along with the Report, Plaintiff's objections are **OVERRULED** and the Report will be **ADOPTED IN ITS ENTIRETY**. (Doc. 166).

**I. LEGAL STANDARD**

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. §

636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## II. Discussion

Since the Report correctly states the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 166). However, the necessary background for the purpose of the instant Order is as follows. Plaintiff initiated this *pro se* action by filing a complaint on March 1, 2021, (Doc. 1), which the Court construed as asserting one plausible claim for First Amendment retaliation. (Doc. 77; Doc. 80; Doc. 166, at 2). In the complaint, Plaintiff asserts in a vague manner that he attempted to expose the corruption of various government officials, and as retaliation for that, was placed in the undesirable Delta unit in the Lackawanna County Prison. (Doc. 1). Magistrate Judge Arbuckle granted Defendants' motions for summary judgment on the grounds that (1) "Plaintiff has not produced evidence that [Defendants Griffiths and Manley] were involved in assigning Plaintiff to the Delta unit" (Doc. 166, at 19), (2) Plaintiff "has presented no direct evidence that he was placed in the Delta unit because of statements he made to Defendant Spiegel" (Doc. 166, at 21), and (3) "Plaintiff has not offered evidence demonstrating a causal link based on unusually suspicious timing or timing coupled with a pattern of antagonism." (Doc. 166, at 22). Magistrate Judge Arbuckle reasons that Plaintiff had been assigned to the Delta unit previously before any of

the facts of this case took place, so the assignment was not unexpected. (Doc. 166, at 22). In response to the Report, Plaintiff filed objections are vague and conclusory. (Doc. 168). Plaintiff restates his claim that he was placed in undesirable housing and provoked due to his past allegations against government officials. (Doc. 168, at 1-4). He additionally names several deposition and hearing dates where he believes retaliatory intimidation tactics were used, such as allowing Defendant Munley in the courtroom during a hearing but provides no context or argument as to how or why allowing certain Defendants in the courtroom during his hearings would be considered retaliatory. (Doc. 168, ay 2).

After reviewing the relevant filings, the Court finds no error in Magistrate Judge Arbuckle's conclusion that Defendants' motions for summary judgment should be granted and Plaintiff's complaint should be dismissed. (Doc. 166). The Court finds Magistrate Judge Arbuckle's analysis to be well-reasoned and supported by the applicable law. (Doc. 166). Courts in this circuit have held that even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA 3:05CV2290, 2006 WL 1670253, at *5 (M.D. Pa. June 13, 2006). Courts overrule objections when they lack legal foundation and are "more commentary than recognizable substantive objection." *Coley*, 2006 WL 1670253, at *4 (overruling *pro se* objections that are vague and unintelligible and stating "[p]laintiff's filings are more in the nature of a fishing expedition where he would have the [c]ourt accept as factual allegations what are more accurately characterized as bald assertions or legal conclusions and assume the role of advocate in fashioning a legal theory for him."); *see also Booker v. Shannon*, No. CIV.A. 00-CV-2055, 2003 WL 22872039 (E.D. Pa.

Dec. 2, 2003) (overruling objections where they are "vague" and without facts to establish legitimacy of legal conclusions). Regardless, the Court agrees that Plaintiff has not and cannot provide evidence that his assignment to the Delta unit had any causal connection to his allegations of corruption. The undersigned also agrees with the Report's finding that Plaintiff "has not offered evidence demonstrating a causal link based on unusually suspicious timing or timing coupled with a pattern of antagonism," as he was "an inmate transferred to a new facility" who would need to "be given a housing assignment," and "this housing assignment was not unexpected, as Plaintiff had been assigned to the Delta unit at this facility before." (Doc. 166, at 22). Accordingly, Magistrate Judge Arbuckle recommends this Court grant Defendants' motions for summary judgment (Doc. 132; Doc. 134). (Doc. 166, at 24). This Court agrees with this recommendation.

### III. CONCLUSION

The Court agrees with the Report's sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT t**he Report (Doc. 166) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. The Clerk of Court is directed to **CLOSE** this case.

Dated: March 27, 2025                    *s/ Karoline Mehalchick*
                                         **KAROLINE MEHALCHICK**
                                         **United States District Judge**